## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Carl Douglas Monk

v.

Alexandria Hospital et al.

October 19, 1982

Case No. (Law) 6944

By JUDGE ALBERT H. GRENADIER

This case came on to be heard the 13th day of October 1982 upon the plaintiff's motion for an order granting him leave to file an amended motion for judgment and to join additional parties defendant. After hearing oral argument the Court took the matter under advisement.

Count I of the proposed amended motion for judgment alleges a cause of action against the defendant Hospital and the defendants Andronaco, Lutenberg and Alexandria Physicians Group, Ltd., for negligently diagnosing and treating the plaintiff.

Count II of the proposed amended motion for judgment alleges a cause of action against the defendant Hospital and Alexandria Physicians Group, Ltd., for allowing unqualified physicians to treat emergency room patients and for failing to exercise reasonable care in the selection and hiring of the emergency room physicians.

Count III alleges that the Hospital and Alexandria Physicians Group, Ltd., negligently failed to require consultation and Count IV alleges a cause of action against the Hospital based upon the apparent authority of the defendant emergency room physicians.

The defendant Hospital, while not objecting to the addition of the individual doctors and the Alexandria

Physicians Group, Ltd., as parties defendant, does object to the inclusion in the amended motion for judgment of any claim against the Hospital for which notice was not given pursuant to § 8.01-581.2 of the Code of Virginia. That section requires that the claimant notify the health care provider in writing of his claim and include therein a reasonable description of the act or acts of malpractice. The purpose of the notice requirement in the statute is to allow a health care provider to have the matter reviewed by a medical malpractice review panel.

Although the notice letter of December 7, 1981, is adequate to notify the Hospital of the acts of negligence complained of in Counts I, III and IV of the proposed amended motion for judgment, it cannot be construed to include the cause of action alleged in Count II of the proposed amended motion for judgment. The notice of December 7, 1981, does not notify the Hospital that the plaintiff was claiming an act of malpractice in the hiring and retention of its emergency room physicians. As the notice is an absolute prerequisite to the maintenance of an action on this ground, such cause of action cannot be asserted against the Hospital in this case.

Accordingly, the plaintiff will be granted leave to file an amended motion for judgment against Dr. Joseph Andronaco, Dr. Stephen P. Lutenberg, Alexandria Physicians Group, Ltd., and the Alexandria Hospital for any cause of action arising out of the alleged failure of the defendants to properly diagnose and treat the plaintiff. The plaintiff may not, in this proceeding, assert a cause of action against the Hospital or the Alexandria Physicians Group, Ltd., for the negligent hiring and retention of its emergency room physicians.

Another matter should be also addressed, and that is the plaintiff's contention that under the provisions of § 8.01-581.15 of the Code of Virginia the plaintiff may recover $750,000.00 against *each* of the health care providers in this case. There are no reported cases or law review articles which deal with this precise question. However, the Court is of the opinion that where the health care providers are joint tort feasors, and their negligence resulted in a single injury to the plaintiff, the plaintiff may not recover more than $750,000.00 against all of them. The Court does not feel that the amounts that may be recovered against the health care providers can be

stacked to permit a total recovery of more than the statutory limit.